**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO ERNESTO ORTIZ CASTILLO, | No. 22-1218 |
| Petitioner, | Agency No. A216-911-562 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023[**]
Pasadena, California

Before: PARKER,[***] BYBEE, and LEE, Circuit Judges.

Eduardo Ernesto Ortiz Castillo, a native and citizen of El Salvador, seeks

review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed R. App P. 34(a)(2).

[***]     The Honorable Barrington D. Parker Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

from an Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.      Asylum. The BIA did not err by upholding the IJ's denial of asylum. To establish asylum eligibility, an applicant must show that he is unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Evidence of past persecution raises a rebuttable presumption of a well-founded fear of future persecution. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). To demonstrate past persecution, the petitioner must establish that "(1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Id*. (quotation marks and citation omitted). Whether a particular social group is cognizable is ultimately a legal question, but social distinction is a factual issue reviewed for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).

The BIA did not err by finding that Ortiz Castillo failed to establish membership in a particular social group. Ortiz Castillo contends that "individuals

who are presumed to be gang members are socially distinct due to their treatment by the government." But Ortiz Castillo failed to identify meaningful evidence showing that presumed gang members or presumed male gang members are a socially distinct group. We have reached the same conclusion in several other parallel cases. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (determining that a proposed group of "young men in El Salvador resisting gang violence" was not socially visible), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013); *see also Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (finding that Honduran men who resisted recruitment into MS-13 were not "lacked 'social visibility'" because there was no evidence that they were "generally visible to society"), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1093.

Additionally, the BIA did not err by finding that Ortiz Castillo failed to establish that he was persecuted "on account of" either his political opinion or his religious beliefs. 8 U.S.C. § 1101(a)(42)(A). Ortiz Castillo argues that because he "was presumed to be a gang member, he was essentially part of a competing or opposing government within El Salvador" and therefore "[gang] membership was imputed to him by the Salvadoran government." Ortiz Castillo, however, failed to articulate what political opinion he holds—aside from a general resistance to joining MS-13. Substantial evidence supports the fact that he was targeted by the police

because they thought he was a gang member, and that he was targeted by MS-13 because he refused to join their gang. For these reasons, Ortiz Castillo also failed to establish a nexus between the harm he claims and his religious beliefs.

2. <u>Withholding of removal</u>. The agency did not err in denying Ortiz Castillo's application for withholding of removal. Withholding of removal is available to applicants who demonstrate a "clear probability" of persecution upon return. *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2022) (citation omitted). "Withholding's 'clear probability' standard is more stringent than asylum's well-founded-fear standard . . . ." *Id*. (citation omitted). Because Ortiz Castillo cannot establish eligibility for asylum, he likewise cannot establish eligibility for withholding. *Id*.

3. <u>CAT</u>. "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *Id*. (quoting 8 C.F.R. § 1208.18(a)(1)).

Substantial evidence supports the agency's denial of Ortiz Castillo's CAT claim on the grounds that he failed to show that "he, *in particular*, would more likely

4

than not face torture" upon returning to El Salvador. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). Ortiz Castillo's country conditions evidence stated crime and police corruption in El Salvador generally, but the evidence fails to show that Ortiz Castillo faces "a particularized, ongoing risk of future torture." *Id*. at 707; *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (determining that generalized evidence of violence and crime in Mexico was not particular to petitioners and therefore insufficient to establish CAT eligibility).

Ortiz Castillo's CAT claim also fails to satisfy the government-acquiescence prong. The evidence offered by Ortiz Castillo shows that the El Salvadoran government consistently intervened to prevent torture and gang violence in the country. Where, as here, the government "actively combats and prosecutes cartel activity," we are not compelled to conclude that the El Salvadoran government would acquiesce to gang torture. *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

**PETITION DENIED.**